UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **FRANCES HOM, Personal Representative of Raymond Holton,**<br><br>  **Plaintiff,**<br><br>  v.<br><br>**EDGEWOOD MANAGEMENT CORPORATION, *et al.*,**<br><br>  **Defendants.** | Civil Action No. 19-2508 (JEB) |

**MEMORANDUM OPINION**

Plaintiff Raymond Holton was trapped in his apartment for five days after a fire, leading to emotional distress and physical injuries. His personal representative, Frances Hom, brought this suit against Edgewood Management Corporation, which managed the property, and the building's owner, Capper Senior I, LP. With trial now set for next month, Capper has moved for summary judgment on both the negligence counts asserted against it and the punitive-damages request. As Plaintiff essentially concedes these principal issues and instead relies on a theory absent from the Amended Complaint, the Court will grant the Motion.

**I.  Background**

Although the Court is cognizant that at the summary-judgment stage, it typically evaluates record evidence and does so in the light most favorable to Plaintiff, see Talavera v. Shah, 638 F.3d 303, 308 (D.C. Cir. 2011), here it can confine itself to the Amended Complaint. That operative pleading asserts four counts against both Capper and Edgewood. See ECF No. 16 (Am. Compl.), ¶¶ 99–141. Count I is titled "Ordinary and Gross Negligence" and alleges three types of negligent acts: failing to maintain the fire alarms and smoke detectors, failing to secure

1

the building from trespassers who could cause a fire, and inaccurately informing government officials that all residents had been evacuated. Id., ¶ 108. Of particular significance here, the only act of negligence alleged against Capper is the last one. Id., ¶ 108(d). Count II alleges Negligence *Per Se*, but relates to fire alarms only and does not name Capper. Id., ¶¶ 116–27. Count III is for Negligent Infliction of Emotional Distress and essentially reiterates the claims in Count I, again blaming Capper only for misinforming officials about Holton's evacuation. Id., ¶¶ 128–36. Finally, Count IV is titled "Punitive Damages," even though this should be a remedy, not a stand-alone count.

Capper now moves for summary judgment on the three counts pressed against it.

## II. Legal Standard

Upon a party's motion, Federal Rule of Civil Procedure 56(a) requires the Court to "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." A fact is "material" if it can affect the substantive outcome of the litigation. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Holcomb v. Powell, 433 F.3d 889, 895 (D.C. Cir. 2006). A dispute is "genuine" "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." Liberty Lobby, 477 U.S. at 248; Scott v. Harris, 550 U.S. 372, 380 (2007).

## III. Analysis

In moving for summary judgment, Capper makes several arguments. It first contends that its representative acted reasonably in informing D.C. government officials that Holton had been successfully evacuated from the building. As a result, it maintains that no jury could find it negligent. Its alternative position is that Plaintiff has not identified an expert who could opine on the standard of care regarding the accounting of resident evacuations in connection with a

building fire. Last, it asserts that no jury could find that its actions rose to the level required for the imposition of punitive damages. See ECF No. 41-10 (Capper MSJ) at 5–12.

Plaintiff essentially agrees. As to punitive damages, he states, "Plaintiff does not intend to seek punitive damages at trial on basis [*sic*] that . . . Capper deliberately, and inaccurately, reported that Mr. Holton had been rescued." ECF No. 45 (Pl. Opp.) at 1. Punitives are thus out. His concessions continue, as he explains:

> Capper moves to dismiss the following numbered paragraphs in the Amended Complaint: Count I paras 108(d), 111, Count III para 130(d) and Count Four Punitive Damages. Plaintiff agrees that the referenced numbered paragraphs should be dismissed; and agrees to dismiss the claim for punitive damages in so far as it is based on the theory of false statements about the status of Mr. Holton.

Id. at 7.

Careful inspection of the Amended Complaint illuminates what this translates into. Paragraph 108(d) is the subparagraph in Count I that alleges that Capper "falsely represented to government officials that all residents of the Residence, including Plaintiff Holton, had been evacuated." Paragraph 111, also within Count I, asserts that these representations constituted "both ordinary and gross negligence." (Emphasis deleted). As the only allegations within Count I against Capper relate to these representations, the count cannot stand without them.

Similarly, as to Count III, subparagraph 130(d) is the only one that alleges negligence via the erroneous representations to government officials. Shorn of this subparagraph, this count also founders. Indeed, it is also notable that Plaintiff's Opposition does not respond in any fashion to Capper's contentions that the counts should be dismissed as infirm. The entire suit against this Defendant must fall by the wayside.

Plaintiff, it should be noted, does not acknowledge this outcome, but in his oddly formatted (no indented paragraphs) and strangely argued (discussion all in present tense) brief,

he instead expatiates on the faults of the fire-alarm system.  See, e.g., Pl. Opp. at 11–14.  But, as just discussed above, any such delinquencies have nothing to do with Capper, whose only negligence is alleged to concern misrepresentations.

### IV. Conclusion

The Court, accordingly, will grant Defendant's Motion for Summary Judgment.  A separate Order so stating will issue this day.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
United States District Judge

Date:  May 18, 2022